# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

**FILED**

SEP -9 2010

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

EMBRY JAY LOFTIS,  )
                   )
        Petitioner, )
                   )
v.                 )  Case No. CIV 09-398-RAW-KEW
                   )
JUSTIN JONES, DOC DIRECTOR, )
                   )
        Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, as barred by the statute of limitations. Petitioner, an inmate currently incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, is challenging his sentence in Carter County District Court Case No. CF-2002-58. He filed this petition pursuant to 28 U.S.C. § 2241, claiming to be challenging the execution of his sentence, but the court finds he actually is challenging the $10,000 fine that was imposed in his Judgment and Sentence. Therefore, the petition is construed as arising under 28 U.S.C. § 2254.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that on September 11, 2003, petitioner's conviction in CF-2002-58 was affirmed by the Oklahoma Court of Criminal Appeals in Case No. F-2002-1333. His conviction, therefore, became final on December 10, 2003, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court, making his deadline for filing this petition December 10, 2004. On August 30, 2007, he sought post-conviction relief in the state district court, which was denied on September 6, 2007, in Case No. PC-07-1013. He subsequently filed various requests for mandamus relief, all of which were denied. The post-conviction and other proceedings were initiated after expiration of the limitation period, so there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). This habeas corpus petition, filed on October 19, 2009, is untimely.

In addition, the court finds this is petitioner's second habeas corpus petition in this court attacking his conviction in Carter County Case No. CF-2002-58. The first petition,

Case No. CIV-2004-322-FHS, was denied by this court on September 12, 2006, and his appeal was dismissed in *Loftis v. Higgins*, No 06-7099 (10th Cir. Feb. 26, 2007). His subsequent motion for authorization to file a second or successive petition was denied by the Tenth Circuit in Case No. 07-7113 on January 23, 2008.

This petition presently before the court clearly is successive, requiring prior authorization from the Tenth Circuit Court of Appeals before filing. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has failed to obtain such authorization, but this court concludes that the interests of justice do not warrant transfer to the appellate court, because the petition would be time barred. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (noting that an unauthorized second or successive petition in the district court may either be dismissed for lack of jurisdiction or transferred to the court of appeals if the interests of justice so require and outlining the factors for determining whether a petition should be transferred).

**ACCORDINGLY,** petitioner's petition for a writ of habeas corpus is DISMISSED for lack of jurisdiction.

**IT IS SO ORDERED** this  9th  day of September 2010.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

3